*A. J. Boone, R. W. Harrison* and *L. C. Dougherty,* for appellant.

*C. C. Nave,* for appellee.

---

## HORRALL *v.* SCUDDER.

DECEDENTS' ESTATES.—PRACTICE.—Where on the trial of a claim against an estate it appears that the debt is against the administrator personally, and not against the estate, judgment should go for the defendant. A personal judgment against the administrator is erroneous.

APPEAL from the *Daviess* Common Pleas.

ELLIOTT, C. J.—*Horrall,* the appellant, and his wife, *Elvira,* disagreed and separated, but were not divorced. *Elvira,* while living separate and apart from her husband, sickened and died, possessed of an estate, both real and personal, to which she became entitled on the death of a former husband. *Horrall,* her husband, became administrator of her estate, and *Scudder,* who is a physician, filed a claim against the estate in the Court of Common Pleas for $25 65, for medical services rendered said *Elvira* during her last sickness. The administrator appeared and filed an answer. The court also permitted the children of the decedent, by her former husband, to become parties defendants. Issues were made and submitted to the court for trial. The

court found "that the defendant, *Thomas Horrall,* is personally indebted to the plaintiff in the sum of $25 65, for medical service rendered the decedent during coverture with the defendant." *Horrall* interposed a motion for a new trial, which the court overruled, and rendered a personal judgment against him for $25 65 and costs, to be levied "out of his own goods and effects, and not out of assets of the decedent." To all of which *Horrall* excepted, and appeals to this court.

The judgment cannot be sustained. *Horrall,* personally, was not a party to the suit. The claim of the plaintiff was not filed against him, but against the estate of *Elvira,* of which he was the representative. The plaintiff, therefore, could only recover by showing a valid claim due him from the decedent, and then the judgment should have been against *Horrall* as administrator, and not a personal judgment. The finding of the court is for the estate, and no question is presented on that finding by the appellee.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to render judgment for *Horrall,* as administrator, against the plaintiff below for costs.

*J. W. Burton,* for appellant.

*J. M. Van Trees,* for appellee.